# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ERIC D. WHEELER, | : | |
| Plaintiff, | : | Case No. 3:12cv00182 |
| v. | : | District Judge Walter Herbert Rice<br>Magistrate Judge Sharon L. Ovington |
| DAYTON POLICE DEPARTMENT,<br>et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

# REPORT AND RECOMMENDATIONS[1]

Plaintiff Eric D. Wheeler brings this case *pro se* against the Dayton Police Department, Officer Ryan T. Halburnt, and Officer Michael T. Fuller. (Doc. #2 at 2).

On June 14, 2012, this Court granted Plaintiff's Application to Proceed *in forma pauperis* under 28 U.S.C. § 1915. Currently, the case is before the Court for a *sua sponte* review in order to determine whether Plaintiff's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). If the Complaint raises a claim with an arguable or rational basis in fact or law, it is neither frivolous nor malicious, and it may not be dismissed *sua sponte*. *Brand v. Motley*, 526 F.3d 921, 923-24 (6th Cir. 2008); *see*

---

[1]Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

*Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A Complaint has no arguable factual basis when its allegations are "fantastic or delusional." *Brand*, 526 F.3d at 923 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)); *see Lawler*, 898 F.2d at 1199. A Complaint has no arguable legal basis when it presents "indisputably meritless" legal theories – for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *See Neitzke*, 490 U.S. at 327-28; *see also Brand*, 526 F.3d at 923.

Determining whether a Complaint fails to state a claim upon which relief may be granted starts by accepting the plaintiff's allegations as true and construing the Complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). "[A] complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than a 'formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 1965, 167 L.Ed.2d 929 (2007)). "[T]he dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915A and 1915(e)(2)(B)] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (internal citations omitted).

Plaintiff alleges that on May 19th, 2009, at 6:40 p.m., he was sitting in a truck with two other individuals in a convenience store parking lot when Dayton Police Officers

Halburnt and Fuller pulled into the lot, watched him sitting in the truck for 30 seconds, and then approached to question the occupants. (Doc. #2 at 4). Plaintiff alleges Halburnt and Fuller claimed the reason they approached "was simply because they did not see anyone coming to or from the truck." (*Id.*). Plaintiff, however, alleges "their sole reason was simply because they observed 3 black males in a nice truck," and he was therefore "racially profiled, and, as a result of being racially profiled, . . . fell victim to an illegal unauthorized search of [his] person." (*Id.*). Plaintiff alleges that "without any type of probable cause other than being black and being assumed to be a drug dealer," a strip search was conducted of him in a public parking lot where the public could see him naked. (*Id.*). Plaintiff further notes that he never gave permission to be searched, but the officers "violently searched [him] anyway." (*Id.*). Plaintiff acknowledges that the officers did find 7.3 grams of crack hidden between his buttocks, but the 3.0 grams of marijuana found in his pants pocket at the county jail was "planted" by Halburnt in an attempt to establish probable cause for the initial search of the vehicle based on a falsified statement that the officers smelled marijuana in the truck. (*Id.* at 10-11). Plaintiff further notes that he is suing Officers Halburnt and Fuller in both their individual and official capacities. (*Id.* at 7).

As to relief, Plaintiff seeks "in excess of $2.5 million" for wrongful imprisonment and excessive use of force. (*Id.*). Plaintiff seeks an additional amount "in excess of $2.5 million" for "humiliation, embarrassment, and pain [and] suffering," as well as another amount "in excess of $5.2 million" for racial profiling. In addition, Plaintiff seeks an

amount in "excess of $2.5 million" for "being unconstitutionally strip searched in a very public place in violation of his Fourth Amendment rights." (*Id.*). Finally, Plaintiff requests "inju[n]ctive relief to prohibit the Dayton Police Department or any of its agents or officers to harass or retaliate against plaintiff for the filing of this lawsuit." (*Id.*).

Although the claims set forth by Plaintiff under 42 U.S.C. § 1983 are not delusional, they are time barred and should therefore be dismissed.

42 U.S.C. § 1983 does not contain its own statute of limitations. Instead, an action brought under this section is subject to the limitations period applicable to personal injury torts in the state where the alleged violation occurred. *Wallace v. Kato*, 549 U.S. 384, 387, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007). The applicable limitations period in Ohio is two years. *See* Ohio Rev. Code § 2305.10; *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). "[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace*, 549 U.S. at 388 (emphasis in original). Typically, the statute of limitations for filing an action alleging a constitutional violation begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Edison v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (citing *Kuhnle Bros., Inc. v. County of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997)). "[I]n determining when the cause of action accrues in section 1983 actions, we have looked to what event should have alerted the typical lay person to protect his or her rights." *Id.* (additional citations omitted).

In this case, Plaintiff's claims stem from the alleged injuries that occurred on May

4

19th, 2009. Plaintiff was, or should have been, aware of the alleged injuries on the date they occurred, however, he did not file his Complaint until over three years later – on June 13, 2012 – in conjunction with the filing of his *in forma pauperis* application. (*See* Doc. #2). Plaintiff's Complaint was therefore filed approximately one year after the statute of limitations for his § 1983 claims expired. Moreover, Plaintiff's failure to know about the statute of limitations or discuss his claims with an attorney prior to the expiration of the statute of limitations period would not be a sufficient reason to deem Plaintiff's Complaint timely filed. *See Curtis v. May*, 2011 U.S. Dist. LEXIS 35061, *7 (S.D. Ohio, March 31, 2011) (Rice, D.J.) ("A § 1983 plaintiff cannot circumvent the statute of limitations simply by failing to consult with an attorney in a timely manner. This kind of 'willful ignorance' provides no basis for extending the statute of limitations."). Plaintiff's claims under 42 U.S.C. § 1983 are therefore time barred and should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). *See E.I. Du Pont de Nemours & Co.*, 1998 U.S. App. LEXIS 23737 *3 (6th Cir. 1998).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff Eric D. Wheeler's Complaint be DISMISSED;

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied; and

3. The case be terminated on the docket of this Court.

June 14, 2012
                                                s/Sharon L. Ovington
                                                Sharon L. Ovington
                                              United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen (17) days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).