## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

ERIC D. WHEELER,                                          :

     Plaintiff,                                        :          Case No. 3:12cv00182

 vs.                                                   :          District Judge Thomas M. Rose
                                                                 Magistrate Judge Sharon L. Ovington
DAYTON POLICE DEPARTMENT,                                 :
et al.,
                                                          :

     Defendants.                                       :

                                                          :

## REPORT AND RECOMMENDATIONS[1]

This case is presently before the Court upon *pro se* Plaintiff Eric D. Wheeler's

Objections (Doc. #5) to the Report and Recommendations (Doc. #3) filed on June 14,

2012.  Plaintiff's Complaint was previously before the Court for a *sua sponte* review in

order to determine whether it should be dismissed because it is frivolous, malicious, or

fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

In the Report and Recommendations docketed on June 14, 2012 (Doc. #3), it was

recommended that Plaintiff's Complaint be dismissed as any cognizable claims he

attempts to bring under 42 U.S.C. § 1983 stemming from his May 19, 2009 arrest and

subsequent conviction are time-barred.  Plaintiff filed objections to the Report and

Recommendations on June 19, 2012.  (Doc. #5).  In his objections, Plaintiff argues his

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and
Recommendations.

Complaint is not time-barred because he previously filed this case in May 2010 and the Court "dismissed plaintiff's complaint 'without prejudice' and clearly advised plaintiff that he could re-file his complaint." (*Id.*). As discussed below, Plaintiff's objections are without merit.

Plaintiff filed his first complaint regarding these claims on May 19, 2010.[2] (3:10cv00197, Doc. #1). Upon initial screening of Plaintiff's complaint, United States Magistrate Judge Michael R. Merz noted the following:

> Plaintiff is serving a two year sentence for possession of crack cocaine. He claims that his conviction was obtained by or after a number of violations of his constitutional rights and brings this action under 42 U.S.C. § 1983 for compensation for deprivation of those rights. Specifically, he claims Defendant Dayton police officers Halburnt and Fuller stopped him in the first place as a result of racial profiling, having stopped him and the two other African-American men with whom he was sitting in a truck because they were black. Secondly, he claims the officers perjured themselves when they stated they smelled an odor of marijuana in the truck. Third, he claims one of them planted three grams of marijuana on him. Fourth, he asserts he was unconstitutionally strip searched in a very public place in violation of his Fourth Amendment rights. Fifth, he claims he has been unconstitutionally imprisoned as a result of all these violations. He seeks damages against the individual officers and also against the Dayton Police Department and a reduction in his sentence.

> As Plaintiff indicates in his Complaint, he was convicted of possession of crack cocaine. While he has appealed from that conviction, he has not yet heard from the Court of Appeals about any decision in his case.

(3:10cv00197, Doc. #6 at 3-4,). Relying on *Heck v. Humphrey*, 512 U.S. 477

---

[2] Plaintiff's motion for pauper status was not docketed until May 21, 2010, however, it is deemed filed with this Court as of May 19, 2010, because this was the date Plaintiff – who was incarcerated at the time – gave his motion to prison authorities for mailing. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997) (citing *Houston v. Lack*, 487 U.S. 266, 270, 101 L. Ed. 2d 245, 108 S. Ct. 2379 (1988)). Plaintiff's complaint is also deemed to have been filed at the same time as his request for pauper status. *See Carter v. Lack*, 869 F.2d 1489 (6th Cir. 1989).

(1994), the Magistrate Judge then determined that "[b]ecause Plaintiff's conviction has not yet been adjudicated on appeal, he does not yet have an available claim for relief for money damages under § 1983 for any constitutional violations which may have resulted in his conviction." (*Id.* at 4). The Magistrate Judge recommended the complaint be dismissed for failure to state a claim upon which relief can be granted, but noted that Plaintiff could re-file for damages if successful in appealing his conviction or for habeas relief if unsuccessful. (*Id.* at 5). The Report and Recommendations was docketed on May 27, 2010, and contained a notice to Plaintiff regarding objections. (3:10cv00197, Doc. #6). On June 22, 2010, United States District Judge Thomas M. Rose adopted Magistrate Judge Merz's Report and Recommendations and dismissed Plaintiff's complaint without prejudice for failure to state a claim upon which relief can be granted. (3:10cv00197, Doc. #7). District Judge Rose also noted that Plaintiff did not file objections to the Report and Recommendations and that the time for filing such objections had expired. (*Id.*). Plaintiff did not appeal the Court's decision.

Plaintiff now argues his Complaint is not time-barred because the Report and Recommendations permitted him to re-file it. (Doc. #5). Although Plaintiff is correct in noting that the Report and Recommendations allowed for the re-filing of his complaint, he was not provided with an unlimited amount of time in which to do so.

As previously noted, an action brought under 42 U.S.C. § 1983 is subject to the limitations period applicable to personal injury torts in the state where the alleged violation occurred. *See* Doc. #3 at 4; *Wallace v. Kato*, 549 U.S. 384, 387, 127 S. Ct.

3

1091, 166 L. Ed. 2d 973 (2007).  The violations alleged by Plaintiff occurred in Ohio on May 19, 2009.  (Doc. #2).  Thus, the applicable limitations period is two years.  *See* Ohio Rev. Code § 2305.10; *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989).

Also governed by state law in an action brought under 42 U.S.C. § 1983 are the "'closely related questions of tolling and application.'" *Harris v. United States*, 422 F.3d 322, 332 (6th Cir. 2005) (internal citations omitted).  The United States Court of Appeals for the Sixth Circuit has held that "[a]mong the tolling provisions interrelated with the statute of limitations . . . is the Ohio Savings Statute." *Harris*, 422 F.3d at 332 (citing *Harris v. Canton*, 725 F.2d 371, 377 (6th Cir. 1984)).  This statute provides:

> In any action that is commenced . . . if the plaintiff fails otherwise than upon the merits, the plaintiff . . . may commence a new action within one year after . . . the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

Ohio Rev. Code § 2305.19.  Plaintiff's first complaint was timely filed, but dismissed without prejudice on June 22, 2010.  Accordingly, Plaintiff failed "otherwise than upon the merits," and was therefore permitted under the Ohio Savings Statute to file a new action until June 22, 2011.  Plaintiff did not file this case until June 13, 2012.[3] (Doc. #1).  By the time Plaintiff filed this case the original statute of limitations had expired, and more than one year had passed from the date Plaintiff's first complaint was dismissed without prejudice.  Plaintiff's Complaint is therefore time-barred.[4]

---

[3] Plaintiff also did not indicate in his complaint that his conviction had been overturned.

[4] Even assuming for purposes of the Ohio Savings Statute that Plaintiff was permitted one year from the date this Court's judgment became final by the running of the time during which an appeal could

## IT IS THEREFORE RECOMMENDED THAT:

1.  Plaintiff Eric D. Wheeler's Complaint be DISMISSED WITH
    PREJUDICE;

2.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing
    reasons an appeal of an Order adopting this Report and Recommendations
    would not be taken in good faith, and consequently, leave for Plaintiff to
    appeal *in forma pauperis* should be denied; and

3.  The case be terminated on the docket of this Court.


July 6, 2012                                        ___s/Sharon L. Ovington_____
                                                     Sharon L. Ovington
                                                     United States Magistrate Judge

---

be taken – July 22, 2010 – Plaintiff's Complaint would nonetheless still be time-barred.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).